IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, § § § Plaintiff § § VS. § § JESSICA DENISE COCHRAN and § CINDY SISOUKPANTHONG, § § Defendants § § | Civil Action No. 7:19-cv-145 |

# COMPLAINT AND INTERPLEADER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES **Plaintiff, Southern Farm Bureau Life Insurance Company**, and complains of **Jessica Denise Cochran** and **Cindy Sisoukpanthong** and would respectfully show the Court for cause of action as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1335 because the amount in controversy herein exceeds Five Hundred Dollars and complete diversity exists between the Defendants who are claimants to the funds interpleaded. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy Five Thousand Dollars and there is complete diversity between Plaintiff and the Defendants. Plaintiff is an insurance company incorporated under the law of Mississippi with its principal place of business in the State of Mississippi. Defendant Jessica Denise Cochran is a citizen and resident of the State of Florida. Defendant Cindy Sisoukpanthong is a citizen and resident of Midland County, Texas.

2. Venue is proper in this Court because one or more of the Defendants reside in this District.  28 U.S.C. §1397.

3. On or about December 19, 2007, Plaintiff issued its Policy No. 011457804L on the life of Charles David Shipp.  In the application for such policy, Mr. Shipp designated Kayla L. Shipp, his then wife, as primary beneficiary and Jessica Denise Eads (now known as Jessica Denise Cochran), as contingent beneficiary.  Charles David Shipp and Kayla L. Shipp were divorced from each other on or about December 15, 2014.  Charles David Shipp later married Cindy Sisoukpanthong (also known as Cindy Shipp).  Charles David Shipp died on March 13, 2019.  Plaintiff received no changes of beneficiary at its home office as specified in the policy but Cindy Sisoukpanthong has asserted that Mr. Shipp took action which should be accepted as changing the primary beneficiary designation on such policy.

4. Kayla L. Shipp, Mr. Shipp's former wife, has acknowledged that, as a result of her divorce from Mr. Shipp, she is not entitled to any proceeds of the policy insuring Charles David Shipp.

5. Cindy Sisoukpanthong has filed a Claimant's Statement with Plaintiff requesting that the proceeds of Policy 011457804L be paid to her.

6. Jessica Denise Cochran has filed a Claimant's Statement with Plaintiff requesting that the proceeds of Policy 011457804L be paid to her.

7. Cindy Sisoukpanthong and Jessica Denise Cochran have presented conflicting claims to Plaintiff for the proceeds of Policy 011457804L.

8. Plaintiff has a reasonable fear of multiple liability because of these adverse claims.

9. Plaintiff is unsure which claimant is entitled to the insurance proceeds described.

10. Plaintiff timely files this complaint after receiving notice of multiple claims.

11. Plaintiff claims no beneficial interest in the proceeds due under the policy or the interest thereon. Plaintiff is a mere stakeholder with regard to the proceeds and interest on the policy.

12. The proper party to receive the proceeds cannot be ascertained until the conflicting claims of Defendants have been settled. Plaintiff cannot determine which of the Defendants is entitled to payment of the amount due on the policy and cannot pay any part of such sum without danger of multiple liability on the policy.

13. Plaintiff has, concurrently with the filing of this interpleader, requested leave of Court to deposit the sum of $250,698.63 into the Registry of the Court the death benefit under Policy 011457804L (which is the policy face amount of $250,000, plus interest as of June 19, 2019, in the amount of $698.63) to abide by the judgment of this Court. Such when made will satisfy all obligations of Plaintiff under Policy 011457804L.

14. Plaintiff has been required to obtain the services of the undersigned attorneys to file this proceeding and requests that its reasonable attorneys' fees in connection with this matter be paid from the proceeds deposited into the registry of the Court.

15. Plaintiff has satisfied all conditions and requirements, including all conditions precedent for the filing of this interpleader, including those of 28 U.S.C. §1335, with the exception of the deposit of the proceeds of the policy which requires the granting of leave of court.

PREMISES CONSIDERED, Plaintiff prays that each of the Defendants be restrained from instituting any actions on Plaintiff for the recovery of the amount of said policy or any part thereof, that the Defendants be required to interplead and settle between themselves the rights to

recovery of money due under the policy and that Plaintiff be discharged from all liability on the policy or otherwise on account of the policy and that Plaintiff recover its costs and attorneys' fees.

RESPECTFULLY SUBMITTED,

**BOERNER, DENNIS & FRANKLIN, PLLC**
Attorneys at Law
P. O. Box 1738
Lubbock, Texas 79408-1738
(806) 763-0044
(806) 763-2084 (fax)

/s/ Mark W. Harmon

Mark W. Harmon
SBN 09020840
Email: mwharmon@bdflawfirm.com

ATTORNEYS FOR SOUTHERN FARM
BUREAU LIFE INSURANCE COMPANY

M:\SFBLIC Shipp\Complaint draft 6-7-19.doc
(6-13-19)